1   Jeffrey R. Krinsk  (CA Bar No. 109234)
    jrk@classactionlaw.com
2   Mark L. Knutson  (CA Bar No. 131770)
    mlk@classactionlaw.com
3   William R. Restis (CA Bar No. 246823)
    wrr@classactionlaw.com
4   FINKELSTEIN & KRINSK LLP
    501 West Broadway, Suite 1250
5   San Diego, California 9210-3579
    Telephone: (619) 238-1333
6   Facsimile: (619) 238-5425

7   Attorneys for Plaintiff
    Conrad Braun

8

9

FILED

JAN 1 1 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF
BY                        DE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD BRAUN, individually and on behalf of all other similarly situated, | Case No. '12 CV0085 JLS MDD |
| | **CLASS ACTION** |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.* |
| v. | |
| SAVEOLOGY.COM LLC, a Florida Limited Liability Company; and ELEPHANT GROUP, INC., a Delaware Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

CLASS ACTION COMPLAINT

1.     Conrad Braun ("Plaintiff"), through Plaintiff's attorneys, brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from Saveology.com LLC and Elephant Group, Inc.'s (collectively "Defendants"), violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA"). Defendants contacted Plaintiff and the Class'[1] cellular telephones using unsolicited prerecorded advertising messages, thereby violating 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

I.    **JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 because this civil action arises out of the laws of the United States, and 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in Class members belonging to different states than that of Defendants. Plaintiff also seeks relief not greater than $1,500 for each telemarketing call in violation of the TCPA, which exceeds the $5,000,000 threshold for federal court jurisdiction.

3.     Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. §§ 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego, a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction here at the time the action is commenced.

II.   **PARTIES**

4.     Plaintiff is, and all times relevant hereto was, a citizen of the United States, and a resident of the State of California. Plaintiff is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

---

[1] As described in paragraph 26 below, the Class pled herein is defined as: "All persons and entities, excluding those from whom Saveology.com LLC or Elephant Group, Inc. received prior express consent, who received an unsolicited prerecorded advertisement for home alarm systems to their cellular telephone from Saveology.com LLC or Elephant Group, Inc. while residents of the United States and since January 11, 2008."

CLASS ACTION COMPLAINT                                                                      - 1 -

5.      Defendant Saveology.com LLC ("Saveology") is, and all times relevant hereto was, a Florida limited liability company whose principal place of business is 3303 West Commercial Boulevard, 2nd Floor, Fort Lauderdale, Florida 33309. Defendant Saveology describes itself as "a leading Internet-based direct marketing platform focused on providing consumers the ability to obtain the best deals on services and products." Saveology purports to be among the 25 fastest-growing technology companies in Florida, with over 1000 employees and over $200 million in annual revenue. At all times relevant hereto, Defendant Saveology was and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Defendant Elephant Group Inc. ("Elephant") is, and all times relevant hereto was, a Delaware corporation whose principal place of business is 3303 West Commercial Boulevard, 2nd Floor, Fort Lauderdale, Florida 33309. At all times relevant hereto, Defendant Elephant was and is a "person" as defined by 47 U.S.C. § 153(39).  Defendant Elephant was and at all relevant times is the direct parent corporation of defendant Saveology, and describes itself as "a complete performance-based marketing solution to target, obtain and retain quality customers."

III.    **LEGAL REQUIREMENTS FOR DEFENDANTS' UNSOLICITED PRERECORDED ADVERTISING MESSAGES**

7.      47 U.S.C. § 227(b) states in pertinent part:

**(b) Restrictions on use of automated telephone equipment**

(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice --

\*      \*      \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

\*      \*      \*

(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

CLASS ACTION COMPLAINT                                                          - 2 -

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b) (emphasis added).

8.     The Federal Trade Commission ("FTC") prohibits telemarketers from engaging in a:

(b) Pattern of calls.

(1) It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the following conduct:

\*     \*     \*

(v) Initiating any outbound telephone call that delivers a prerecorded message, other than a prerecorded message permitted for compliance with the call abandonment safe harbor in § 310.4(b)(4)(iii), unless:

(A) in any such call to induce the purchase of any good or service, the seller has obtained from the recipient of the call an express agreement, in writing, that:

(i) The seller obtained only after a clear and conspicuous disclosure that the purpose of the agreement is to authorize the seller to place prerecorded calls to such person;

(ii) The seller obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service;

(iii) Evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller; and

(iv) Includes such person's telephone number and signature;

16 C.F.R. § 310.4(b)(1)(v) (emphasis added).

9.     The Federal Communication Commission ("FCC") determined that automated or prerecorded telephone calls are prohibited under the TCPA because such calls are a greater nuisance and invasion of privacy than live solicitations. In addition, such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003)

10.    Under the TCPA, the burden is on a defendant to demonstrate that a consumer gave express consent to call his or her cell phone within the meaning of the statute.

## IV.    FACTUAL ALLEGATIONS

11.    At all times relevant all Defendants conducted business in the State of California, County of San Diego.

12.    Plaintiff maintains cellular service with a cellular telephone service provider and maintains a cell phone number in the 619 area code wih last four digits "7999." Plaintiff has maintained this cell phone number during all times relevant herein. Plaintiff's cell phone number is not listed for any business and is solely for Plaintiff's personal use.

13.    Plaintiff never provided this cell phone number to any Defendant or provided any type of consent to receive sales solicitations through Plaintiff's cell phone.

14.    On July 12, 2011 at approximately 1:57 p.m., Plaintiff received an unsolicited prerecorded message on his cell phone from 207-766-7616, which on information and belief is owned and/or operated by Defendants. The prerecorded message was an unsolicited advertisement containing a sales promotion for home alarm systems. To take advantage of the offer, Plaintiff was prompted to press "1." No company was identified, no telephone number or address was provided in the pre-recorded message, and no mechanical opt-out was provided as required by 47 U.S.C. § 227(d)(3).[2] Plaintiff pressed "1" and was transferred to a live operator by the name of May. May represented to Plaintiff that she was from "Home Security Center" offering home security through ADT Security Services.[3] May indicated that the call was being recorded and asked Plaintiff to

---

[2] Defendants' violations of 47 U.S.C. § 227(d) are not a basis for liability in this lawsuit.

[3] ADT Security Services, Inc. ("ADT"), the third-party on behalf of which Defendants made the unsolicited prerecorded advertising messages at issue herein, entered into a Consent Decree and Order for Civil Penalties, Injunction and Other Relief with the United States Department of Justice, for engaging in an "abusive pattern of telemarketing calls" (the "ADT Consent Decree.") The ADT Consent Decree requires ADT to monitor and ensure Defendants' compliance with the TCPA.

CLASS ACTION COMPLAINT                                                     - 4 -

verify that he was talking to a live person. Plaintiff responded that he was talking to a live person after responding to a prerecorded message. The call was immediately terminated by the caller.

15.   Immediately thereafter, Plaintiff received a call on his cell phone from the same representative, May. Plaintiff's caller ID read 207-766-7612, which on information and belief is owned and/or operated by Defendants. May again told Plaintiff that the conversation was being recorded, and asked Plaintiff to verify that he was talking to a live person. Plaintiff responded that he was only talking to a live person after receiving a prerecorded message. The second call was again immediately terminated by the caller.

16.   On July 15, 2010, Plaintiff received a call on his cell phone from 207-766-7617 with the same prerecorded message Plaintiff received on July 12, 2010. Plaintiff pressed "1" and was connected to a female operator who asked Plaintiff to verify that he was talking to a live person. Plaintiff acknowledged he was talking to a live person and was thereafter told that the call was from defendant Saveology.

17.   Each member of the Class received the same unsolicited prerecorded advertising message from Defendants herein.[4]

18.   Defendants purchased Plaintiff and each Class Member's cell phone number from a commercial marketing database, and systematically failed to take reasonable steps to verify that Plaintiff and each member of the Class had given Defendants prior express consent to the unsolicited prerecorded advertising message at issue herein.

19.   Defendants are Internet based companies with no discernable retail presence. Defendants do not maintain a procedure for Plaintiff and other Class Members to provide Defendants with prior express written consent to receive the telemarketing calls at issue herein.

20.   Defendants are required by the *Telemarketing Sales Rule* to obtain express written consent from Plaintiff and the Class prior to making any telemarketing calls using a prerecorded

---

[4] On information and belief, Defendants called Plaintiff and the Class' cellular telephone numbers using an automatic telephone dialing system that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and has the capacity to dial such numbers.

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

message. 16 C.F.R. § 310.4(b)(1)(v). However, Defendants fail to obtain Plaintiff and the Class' express written consent as required.

21.     The above unsolicited prerecorded advertisement to Plaintiff and the Class' cell phones were placed using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22.     The telephone numbers that Defendants, or their agents, called are assigned to cell phone service for which Plaintiff and the Class incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendants' calls to Plaintiff and the Class' cell phones were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

24.     The above phone calls by Defendants or their agents violated 47 U.S.C. § 227(b)(1)(A).

25.     Plaintiff has complied with 16 C.F.R. § 310.7 by providing a copy of this Complaint to the FTC in advance of filing this lawsuit.

## V.   **CLASS ALLEGATIONS**

26.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) for the following Class of persons:

> All persons and entities, excluding those from whom Saveology.com LLC or Elephant Group, Inc. received prior express consent, who received an unsolicited prerecorded advertisement for home alarm systems to their cellular telephone from Saveology.com LLC or Elephant Group, Inc. while residents of the United States and since January 11, 2008.

Excluded from the Class are all governmental entities, Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

27.     The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and will be ascertained through appropriate discovery. Due to the nature of the telemarketing calls at

CLASS ACTION COMPLAINT

- 6 -

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

issue, Plaintiff is informed and believes that there are tens of thousands of members in the proposed Class. Members of the Class can be easily identified from records maintained by Defendants and/or their cell phone service providers, who maintain records concerning the illegal telemarketing calls to Plaintiff and the Class.

28.    Each Class member received at least one unsolicited prerecorded advertising message to their cell phone from Defendants herein, which multiplied by the appropriate statutory damages available pursuant to 47 U.S.C. § 227(b)(3), will allow determination of Class-wide relief.

29.    Plaintiff's claims are typical of the claims of the other members of the Class.  All members of the Class have been and/or continue to be similarly affected by Defendants' wrongful conduct as complained of herein in violation of federal law.  Plaintiff has no interests adverse to the Class.

30.    Plaintiff will fairly and adequately protect the Class Members' interests and has retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

31.    Defendants have acted with respect to the Class in a manner generally applicable to each Class Member. Common questions of law and fact exist as to all members of the Class and predominate over any questions wholly affecting individual Class Members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all members of the Class. Among the questions of law and fact common to the Class are, *inter alia*:

(a)    Whether Defendants made calls to Plaintiff and the Class' cell phone numbers using automatic telephone dialing system(s) and/or an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(iii);

(b)    Whether all members of the Class received the same or substantially similar unsolicited prerecorded advertising message;

(c)    Whether Defendants' failure to obtain "express consent" from Plaintiff and the Class prior to making unsolicited prerecorded advertising messages is capable of common proof, such as:

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

i.  Whether Defendants obtained Plaintiff and the Class' cellular telephone numbers from a commercial marketing database;

ii.  Whether Defendants' records evidence any "express agreement, in writing" to receive the unsolicited prerecorded advertising messages at issue by this Complaint, as required by the *Telemarketing Sales Rule*, 16 C.F.R. § 310.4(b)(1)(v); and

iii.  Whether Defendants' have a mechanism for Plaintiff and other members of the Class to provide Defendants with express written consent prior to receiving the unsolicited prerecorded advertising messages at issue in by this Complaint.

(d)  Whether Defendants' insistence that Plaintiff and the Class verify that they are talking to a live person after responding to Defendants' unsolicited prerecorded advertising messages, or other facts, evidence that Defendants' violations of 47 U.S.C. § 227(b)(1) are willful and/or knowing;

(e)  Whether Defendants acted in concert or were otherwise each others' agent, alter ego, aiders and abetters, enabelors, or duly authorized representatives with respect to the unsolicited prerecorded advertising messages as alleged herein;

(f)  The appropriate amount of statutory damages, equitable remedies, and injunctive relief to which Plaintiff and the other members of the Class are entitled;

(g)  Whether Defendants have insurance coverage for their violations of the TCPA as alleged herein, and the amount of such coverage;

(h)  Whether Plaintiff and members of the Class should be awarded attorneys' fees and the costs of suit for Defendants' violations of the TCPA as alleged herein.

32.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class Members to individually

CLASS ACTION COMPLAINT

- 8 -

1    redress the wrongs done to them.  There will be no difficulty in managing this action as a class

2    action.

3         33.    Defendants have acted on grounds generally applicable to the entire Class with

4    respect to the matters complained of herein, thereby making appropriate the relief sought herein

5    with respect to the Class as a whole.

## COUNT I
## AGAINST ALL DEFENDANTS FOR
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(b)(1)(A)(iii)

9         34.    Plaintiff incorporates by reference and realleges each and every paragraph alleged

10   above as though fully alleged herein.

11        35.    Defendants and/or their agents or employees made thousands of unsolicited phone

12   calls to wireless telephone numbers belonging to Plaintiff and other members of the Class.

13        36.    Defendants utilize an automatic telephone dialing system to call Plaintiff and

14   members of the Class automatically and without human intervention.  Defendants' equipment is a

15   system combining software and hardware features, that has the capacity to store or produce

16   telephone numbers and dial those numbers at random, in sequential order, or from a database of

17   numbers.

18        37.    The unsolicited phone calls to Plaintiff and the Class' cell phones utilized an

19   artificial or prerecorded voice message.

20        38.    Defendants' unsolicited phone calls to Plaintiff and the Class were not for

21   emergency purposes, but instead were advertisements regarding the commercial availability of, and

22   which encouraged the purchase of, home alarm systems.

23        39.    Defendants did not seek express consent, written or otherwise, from Plaintiff or any

24   member of the Class prior to calling their cell phones as complained of herein.

25        40.    Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii) causing Plaintiff and

26   members of the Class to suffer actual damages in the form of monies paid to receive unsolicited

27   calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to $500.00 in

28   damages for each violation of the TCPA.

CLASS ACTION COMPLAINT

- 9 -

41.     An injunction prohibiting Defendants from violating the TCPA as alleged herein is in the public interest. Absent an injunction, Plaintiff and each member of the Class will suffer irreparable harm, and the continuing threat of illegal marketing calls from Defendants.

**COUNT II**
**AGAINST ALL DEFENDANTS FOR**
**WILLFUL / KNOWING VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 227(b)(1)(A)(iii)**

42.     Plaintiff incorporates by reference and realleges paragraphs 1 through 33, above, as through fully set forth herein by this reference.

43.     Defendants and/or their agents or employees made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiff and other members of the Class.

44.     Defendants utilize an automatic telephone dialing system to call Plaintiff and members of the Class automatically and without human intervention.  Defendants' equipment is a system combining software and hardware features, that has the capacity to store or produce telephone numbers and dial those numbers at random, in sequential order, or from a database of numbers.

45.     The unsolicited phone calls to Plaintiff and the Class' cell phones utilized an artificial or prerecorded voice message.

46.     Defendants' unsolicited phone calls to Plaintiff and the Class were not for emergency purposes, but instead were advertisements regarding the commercial availability of, and which encouraged the purchase of, home alarm systems.

47.     Defendants did not seek express consent, written or otherwise, from Plaintiff or any member of the Class prior to calling their cell phones as complained of herein.

48.     Defendants knowingly and or willfully violate the TCPA, and intentionally design the presentation of the unsolicited prerecorded advertising messages to Plaintiff and the Class in a manner that conceals evidence of the TCPA violations as alleged herein.

49.     Defendants have knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii), which entitles Plaintiff and each member of the Class to treble damages, as provided by statute, up

CLASS ACTION COMPLAINT

- 10 -

1  to $1,500.00, for each and every violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and

2  47 U.S.C. § 227(b)(3)(C).

3         50.    An injunction prohibiting Defendants from violating the TCPA as alleged herein is

4  in the public interest. Absent an injunction, Plaintiff and each member of the Class will suffer

5  irreparable harm, and the continuing threat of illegal marketing calls from Defendants.

6  **VI.    JURY TRIAL DEMAND**

7         51.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and the Seventh

8  Amendment to the United States Constitution, Plaintiff demands a trial by jury of all of the claims

9  asserted in this Complaint so triable.

10 **VII.   PRAYER FOR RELIEF**

11        WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

12        A.     For an order declaring that this action is properly maintained as a class action and

13 certifying a class representative and class counsel in accordance with Rule 23 of the Federal Rules

14 of Civil Procedure;

15        B.     For an order awarding Plaintiff and the members of the Class appropriate statutory

16 damages for each and every violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

17        C.     For an order enjoining Defendants from continuing to engage in violations of the

18 TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

19        D.     For treble damages up to $1,500.00 for each and every violation of the TCPA,

20 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

21        E.     For an order awarding Plaintiff and the members of the Class pre-judgment and

22 post-judgment interest;

23        F.     For an order awarding attorneys' fees and costs of suit, including experts' witness

24 fees as permitted by law; and

25        / / /

26        / / /

27

28

CLASS ACTION COMPLAINT                                                          - 11 -

1      G.      Such other and further relief as this Court deems just and proper.

2

3    Dated: January 11, 2011                    Respectfully submitted,

4                                               FINKELSTEIN & KRINSK LLP

5

6                                               By

7                                                   William R. Restis

8                                               Jeffrey R. Krinsk
                                                Mark L. Knutson
9                                               501 West Broadway, Suite 1250
                                                San Diego, CA 92101-3593
10                                              Telephone:  (619) 238-1333
                                                Facsimile:  (619) 238-5425
11                                              Email:  wrr@classactionlaw.com

12                                              Counsel for Plaintiff
                                                Conrad Braun
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Conrad Braun

**DEFENDANTS**

Saveology.com LLC
Elephant Group, Inc.

**(b)**  County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
William R. Restis, Finkelstein & Krinsk, LLP
501 West Broadway, Ste. 1250, San Diego, CA 92101 619-238-1333

Attorneys (If Known)

FILED
JAN 1 1 2012
CLERK, U.S. DIST. COURT
SOUTHERN DISTRICT OF CALIF.
BY                    DEPUTY

'12 CV0085 JLS MDD

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 USC 330.227   28.1331 (D)

Brief description of cause:
Negligent and wilful violations of the telephone consumer protection act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
01/11/2012

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 34310   AMOUNT $350—   APPLYING IFP   JUDGE   MAG. JUDGE

TB 01/11/12

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS034310
Cashier ID: mbain
Transaction Date: 01/11/2012
Payer Name: FINKELSTEIN KRINSK
--------------------------------
CIVIL FILING FEE
 For: BRAUN V SAVEOLOGY.COM
 Case/Party: D-CAS-3-12-CV-000085-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1088
 Amt Tendered: $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.