Jeffrey R. Krinsk  (CA Bar No. 109234)
jrk@classactionlaw.com
Mark L. Knutson  (CA Bar No. 131770)
mlk@classactionlaw.com
William R. Restis (CA Bar No. 246823)
wrr@classactionlaw.com
FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101-3579
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

Attorneys for Plaintiffs
Conrad Braun and Gary Sankary

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD BRAUN, and GARY SANKARY individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAVEOLOGY.COM LLC, a Florida Limited Liability Company; and ELEPHANT GROUP, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 3:12-cv-00085-JLS-MDD<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED CLASS ACTION COMPLAINT

1.      Conrad Braun and Gary Sankary, ("Plaintiffs"), through their attorneys, bring this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from Saveology.com LLC and Elephant Group, Inc.'s (collectively "Defendants"), violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA"). Defendants contacted Plaintiffs' and the Class'[1] cellular telephones using unsolicited prerecorded advertising messages, thereby violating 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**I.      JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 because this civil action arises out of the laws of the United States, and 28 U.S.C. § 1332(d)(2) because Plaintiffs seek relief on behalf of a national class, which will result in Class members belonging to different states than that of Defendants. Plaintiffs also seek relief not greater than $1,500 for each telemarketing call in violation of the TCPA, which exceeds the $5,000,000 threshold for federal court jurisdiction.

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. §§ 1391(b) and 1441(a), because Defendants do business within the State of California and the County of San Diego, a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction here at the time the action is commenced.

**II.     PARTIES**

4.      Plaintiff Conrad Braun ("Braun") is, and all times relevant hereto was, a citizen of the United States, and a resident of the State of California. Braun is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

---

[1] See paragraph 27 below for a description of the Class.

FIRST AMENDED CLASS ACTION COMPLAINT

- 1 -

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

5. Plaintiff Gary Sankary ("Sankary") is, and at all times relevant hereto was, a citizen of the United States, and a resident of the State of Minnesota. Sankary is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant Saveology.com LLC ("Saveology") is, and all times relevant hereto was, a Florida limited liability company whose principal place of business is 5259 Coconut Creek Parkway, Margate, Florida 33063. Defendant Saveology describes itself as "a leading Internet-based direct marketing platform focused on providing consumers the ability to obtain the best deals on services and products." Saveology purports to be among the 25 fastest-growing technology companies in Florida, with over 1000 employees and over $200 million in annual revenue. At all times relevant hereto, Defendant Saveology was and is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant Elephant Group Inc. ("Elephant") is, and all times relevant hereto was, a Delaware corporation whose principal place of business is 3303 West Commercial Boulevard, 2nd Floor, Fort Lauderdale, Florida 33309. At all times relevant hereto, Defendant Elephant was and is a "person" as defined by 47 U.S.C. § 153(39). Defendant Elephant was and at all relevant times is the direct parent corporation of defendant Saveology, and describes itself as "a complete performance-based marketing solution to target, obtain and retain quality customers."

### III. LEGAL REQUIREMENTS FOR DEFENDANTS' UNSOLICITED PRERECORDED ADVERTISING MESSAGES

8. 47 U.S.C. § 227(b) states in pertinent part:

**(b) Restrictions on use of automated telephone equipment**

(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --

> (A) to <u>make any call</u> (other than a call made for emergency purposes or made with the prior express consent of the called party) <u>using</u> any <u>automatic telephone dialing system</u> <u>or</u> an <u>artificial or prerecorded voice</u> --
>
> *   *   *
>
> **(iii)** <u>to any telephone number assigned to a</u> paging service, <u>cellular telephone service</u>, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

FIRST AMENDED CLASS ACTION COMPLAINT

- 2 -

          \*   \*   \*

 (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

  (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

  (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

  (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b) (emphasis added).

 9. The Federal Trade Commission ("FTC") prohibits telemarketers from engaging in a:

(b) Pattern of calls.

(1) It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, the following conduct:
        \*   \*   \*

 (v) <u>Initiating any outbound telephone call that delivers a prerecorded message</u>, other than a prerecorded message permitted for compliance with the call abandonment safe harbor in § 310.4(b)(4)(iii), unless:

  (A) in any such <u>call to induce the purchase of any good or service</u>, the seller has obtained from the recipient of the call an <u>express agreement, in writing</u>, that:

   (i) The seller obtained only after a clear and conspicuous disclosure that the purpose of the agreement is to authorize the seller to place prerecorded calls to such person;

   (ii) The seller obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service;

   (iii) Evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller; and

   (iv) Includes such person's telephone number and signature;

16 C.F.R. § 310.4(b)(1)(v) (emphasis added).

FIRST AMENDED CLASS ACTION COMPLAINT

- 3 -

10. The Federal Communication Commission ("FCC") determined that automated or prerecorded telephone calls are prohibited under the TCPA because such calls are a greater nuisance and invasion of privacy than live solicitations. In addition, such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003)

11. Under the TCPA, the burden is on a defendant to demonstrate that a consumer gave express consent to call his or her cell phone within the meaning of the statute.

IV. **FACTUAL ALLEGATIONS**

12. At all times relevant all Defendants conducted business in the State of California, County of San Diego. Plaintiff Braun maintains cellular service with a cellular telephone service provider and maintains a cell phone number in the 619 area code wih last four digits "7999." Plaintiff has maintained this cell phone number during all times relevant herein. Plaintiff's cell phone number is not listed for any business and is solely for Plaintiff's personal use.

13. On July 12, 2010 at approximately 1:57 p.m., Plaintiff Braun received an unsolicited prerecorded message on his cell phone from 207-766-7616, which on information and belief is owned and/or operated and/or used by Defendants. The prerecorded message was an unsolicited advertisement containing a sales promotion for home alarm systems. To take advantage of the offer, Braun was prompted to press "1." No company was identified, no telephone number or address was provided in the pre-recorded message, and no mechanical opt-out was provided as required by 47 U.S.C. § 227(d)(3).[2] Plaintiff Braun pressed "1" and was transferred to a live operator by the name of "May." May represented to Plaintiff Braun that she was from "Home Security Center" offering home security through ADT Security Services.[3] May indicated that the

---

[2] Defendants' violations of 47 U.S.C. § 227(d) are not a basis for liability in this lawsuit.

[3] ADT Security Services, Inc. ("ADT"), the third-party on behalf of which Defendants made the unsolicited prerecorded advertising messages at issue herein, entered into a Consent Decree and Order for Civil Penalties, Injunction and Other Relief with the United States Department of Justice, for engaging in an "abusive pattern of telemarketing calls" (the "ADT Consent Decree.") The

call was being recorded and asked Braun to verify that he was talking to a live person. Plaintiff Braun responded that he was talking to a live person only after responding to an unsolicited prerecorded message. The call was immediately terminated by the caller.

14. Immediately thereafter, Braun received a call on his cell phone from the same representative, May. Plaintiff Braun's caller ID read 207-766-7612, which on information and belief is owned and/or operated by Defendants. May again told Braun that the conversation was being recorded, and asked Plaintiff Braun to verify that he was talking to a live person. Braun responded that he was only talking to a live person after receiving an unsolicited prerecorded message. The second call was again immediately terminated by the caller.

15. On July 15, 2010, Plaintiff Braun received a call on his cell phone from 207-766-7617 with the same prerecorded message Braun received on July 12, 2010. Plaintiff Braun pressed "1" and was connected to "Home Security Center" with a female operator "Jodi," who asked Braun to verify that he was talking to a live person. Plaintiff Braun acknowledged he was talking to a live person and was thereafter told that the call was from defendant Saveology. Plaintiff Sankary maintains cellular service with a cellular telephone service provider and maintains a cell phone number in the 612 area code wih last four digits "3384." Sankary has maintained this cell phone number during all times relevant herein. Plaintiff Sankary's cell phone number is not listed for any business and is solely for Plaintiff's personal use.

16. On or about April 8, 2010, Plaintiff Sankary received an unsolicited prerecorded message on his cell phone from 207-766-7616, which on information and belief is owned and/or operated and/or used by Defendants. The prerecorded message was an unsolicited advertisement containing a sales promotion for home alarm systems. To take advantage of the offer, Sankary was prompted to press "1." No company was identified, no telephone number or address was provided in the pre-recorded message, and no mechanical opt-out was provided as required by 47 U.S.C. § 227(d)(3). Plaintiff Sankary pressed "1" and was transferred to a live operator by the

---

ADT Consent Decree requires ADT to monitor and ensure Defendants' compliance with the TCPA.

FIRST AMENDED CLASS ACTION COMPLAINT

- 5 -

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

1  name of Dan. Dan represented to Plaintiff Sankary that he was from "Home Security Center"
2  offering home security through ADT Security Services.

3    17. During all relevant periods, neither Plaintiff Braun nor Plaintiff Sankary ever
4  provided their cell phone number to any Defendant or otherwise provided any type of consent to
5  receive sales solicitations through these Plaintiffs' cell phones.

6    18. Each member of the Class received the same or similar unsolicited prerecorded
7  advertising message on their cell phones from Defendants herein.[4]

8    19. Defendants purchased Plaintiffs and each Class Member's cell phone number from
9  a commercial marketing database, and systematically failed to take reasonable steps to verify that
10 Plaintiffs and each member of the Class had given Defendants prior express consent to the
11 unsolicited prerecorded advertising messages at issue herein.

12   20. Defendants are Internet based companies with no discernable retail presence.
13 Defendants do not maintain a procedure for Plaintiffs and other Class Members to provide
14 Defendants with prior express written consent to receive the telemarketing calls at issue herein.

15   21. Defendants are required by the *Telemarketing Sales Rule* to obtain express <u>written</u>
16 consent from Plaintiffs and the Class prior to making any telemarketing calls using a prerecorded
17 message. 16 C.F.R. § 310.4(b)(1)(v). However, Defendants fail to obtain Plaintiffs and the Class'
18 express written consent as required.

19   22. The above unsolicited prerecorded advertisement to Plaintiffs and the Class' cell
20 phones were placed using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227
21 (b)(1)(A).

22   23. The telephone numbers that Defendants, or their agents / associates, called are
23 assigned to cell phone service for which Plaintiffs and the Class incur charges for incoming calls
24 pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

---

[4] On information and belief, Defendants called Plaintiff and the Class' cellular telephone numbers using an automatic telephone dialing system that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and has the capacity to dial such numbers.

1  24. Defendants' calls to Plaintiffs and the Class' cell phones were not for emergency

2  purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

3  25. The above described cell phone calls by Defendants or their agents / associates

4  violated 47 U.S.C. § 227(b)(1)(A).

5  26. Plaintiffs each complied with 16 C.F.R. § 310.7 by providing a copy of this

6  Complaint to the FTC in advance of filing this lawsuit.

**V.    CLASS ALLEGATIONS**

27. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) for the following Class of persons:

> All persons and entities, while a resident of the United States and since January 11, 2008, to whom Saveology.com LLC or Elephant Group, Inc. made an unsolicited prerecorded advertisement for home alarm systems to their cellular telephone.

Excluded from the Class are all persons from whom Defendants received prior express consent, all governmental entities, Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

28. The members of the Class are so numerous that joinder of all Class members is impracticable. The exact number of Class members is unknown to Plaintiffs at this time and will be ascertained through appropriate discovery. Due to the nature of the telemarketing calls at issue, Plaintiffs are informed and believe that there are tens of thousands of members in the proposed Class. Members of the Class can be easily identified from records maintained by Defendants and/or their cell phone service providers and/or associates, who maintain records concerning the illegal telemarketing calls to Plaintiffs and the Class.

29. Each Class member received at least one unsolicited prerecorded advertising message to their cell phone from Defendants herein, which multiplied by the appropriate statutory damages available pursuant to 47 U.S.C. § 227(b)(3), will allow determination of Class-wide relief.

30. Plaintiffs' claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendants' wrongful

FIRST AMENDED CLASS ACTION COMPLAINT                                                    - 7 -

FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1250
San Diego, California 92101

1  conduct as complained of herein in violation of federal law. Plaintiffs have no interests adverse to
2  the Class.

3        31.    Plaintiffs will fairly and adequately protect the Class Members' interests and have
4  retained counsel competent and experienced in consumer class action lawsuits and complex
5  litigation.

6        32.    Defendants have acted with respect to the Class in a manner generally applicable to
7  each Class Member. Common questions of law and fact exist as to all members of the Class and
8  predominate over any questions wholly affecting individual Class Members. There is a well-
9  defined community of interest in the questions of law and fact involved in the action, which affect
10 all members of the Class. Among the questions of law and fact common to the Class are, *inter alia*:

    (a)    Whether Defendants made calls to Plaintiffs and the Class' cell phone numbers using automatic telephone dialing system(s) and/or an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(iii);

    (b)    Whether all members of the Class received the same or substantially similar unsolicited prerecorded advertising message;

    (c)    Whether Defendants' failure to obtain "express consent" from Plaintiffs and the Class prior to making unsolicited prerecorded advertising messages is capable of common proof, such as:

        i.    Whether Defendants obtained Plaintiffs and the Class' cellular telephone numbers from a commercial marketing database;

        ii.    Whether Defendants' records evidence any "express agreement, in writing" to receive the unsolicited prerecorded advertising messages at issue by this Complaint, as required by the *Telemarketing Sales Rule,* 16 C.F.R. § 310.4(b)(1)(v); and

        iii.    Whether Defendants' have a mechanism for Plaintiffs and other members of the Class to provide Defendants with express written consent prior to receiving the unsolicited prerecorded advertising messages at issue in by this

1  Complaint, and if so, whether such purported consent is legally sufficient
2  under the standards of the TCPA, FCC and/or FTC.

(d) Whether Defendants' insistence that Plaintiffs and the Class verify that they are talking to a live person after responding to Defendants' unsolicited prerecorded advertising messages, or other facts, evidence that Defendants' violations of 47 U.S.C. § 227(b)(1) are willful and/or knowing;

(e) Whether Defendants acted in concert or were otherwise each others' agent, alter ego, aiders and abetters, enabelors, or duly authorized representatives with respect to the unsolicited prerecorded advertising messages as alleged herein;

(f) The appropriate amount of statutory damages, equitable remedies, and injunctive relief to which Plaintiffs and the other members of the Class are entitled;

(g) Whether Defendants have insurance coverage for their violations of the TCPA as alleged herein, and the amount of such coverage;

(h) Whether Plaintiffs and members of the Class should be awarded attorneys' fees and the costs of suit for Defendants' violations of the TCPA as alleged herein.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class Members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

34. Defendants have acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

**COUNT I
AGAINST ALL DEFENDANTS FOR
NEGLIGENT VIOLATIONS OF THE TCPA
47 U.S.C. § 227(b)(1)(A)(iii)**

35. Plaintiffs incorporate by reference and reallege each and every paragraph alleged above as though fully alleged herein.

36. Defendants and/or their agents and/or associates and/or employees made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiffs and other members of the Class.

37. Defendants utilize an automatic telephone dialing system to call Plaintiffs and members of the Class automatically and without human intervention. Defendants' equipment is a system combining software and/or hardware features, that has the capacity to store or produce telephone numbers and dial those numbers at random, in sequential order, or from a database of numbers.

38. The unsolicited phone calls to Plaintiffs and the Class' cell phones utilized an artificial or prerecorded voice message.

39. Defendants' unsolicited phone calls to Plaintiffs and the Class were not for emergency purposes, but instead were advertisements regarding the availability of, and which encouraged the purchase of, home alarm systems.

40. Defendants did not seek express consent, written or otherwise, from Plaintiffs or any member of the Class prior to calling their cell phones as complained of herein.

41. Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii) causing Plaintiffs and members of the Class to suffer actual damages in the form of monies paid to receive unsolicited calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to $500.00 in damages for each violation of the TCPA.

42. An injunction prohibiting Defendants from violating the TCPA as alleged herein is in the public interest. Absent an injunction, Plaintiffs and each member of the Class will suffer irreparable harm, and the continuing threat of illegal marketing calls from Defendants.

**COUNT II
AGAINST ALL DEFENDANTS FOR
WILLFUL / KNOWING VIOLATIONS OF THE TCPA
47 U.S.C. § 227 227(b)(1)(A)(iii)**

43. Plaintiffs incorporate by reference and reallege paragraphs 1 through 34, above, as through fully set forth herein by this reference.

44. Defendants and/or their agents and/or associates and/or employees made thousands of unsolicited phone calls to wireless telephone numbers belonging to Plaintiffs and other members of the Class.

45. Defendants utilize an automatic telephone dialing system to call Plaintiffs and members of the Class automatically and without human intervention. Defendants' equipment is a system combining software and/or hardware features, that has the capacity to store or produce telephone numbers and dial those numbers at random, in sequential order, or from a database of numbers.

46. The unsolicited phone calls to Plaintiffs and the Class' cell phones utilized an artificial or prerecorded voice message.

47. Defendants' unsolicited phone calls to Plaintiffs and the Class were not for emergency purposes, but instead were advertisements regarding the availability of, and which encouraged the purchase of, home alarm systems.

48. Defendants did not seek express consent, written or otherwise, from Plaintiffs or any member of the Class prior to calling their cell phones as complained of herein.

49. Defendants knowingly and or willfully violate the TCPA, and intentionally design the presentation of the unsolicited prerecorded advertising messages to Plaintiffs and the Class in a manner that conceals evidence of the TCPA violations as alleged herein.

50. Defendants have knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii), which entitles Plaintiffs and each member of the Class to treble damages, as provided by statute, up to $1,500.00, for each and every violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. An injunction prohibiting Defendants from violating the TCPA as alleged herein is in the public interest. Absent an injunction, Plaintiffs and each member of the Class will suffer irreparable harm, and the continuing threat of illegal marketing calls from Defendants.

## VI. JURY TRIAL DEMAND

52. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and the Seventh Amendment to the United States Constitution, Plaintiffs demand a trial by jury of all of the claims asserted in this Complaint so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray for relief and judgment as follows:

A. For an order declaring that this action is properly maintained as a class action and certifying a class representative and class counsel in accordance with Rule 23 of the Federal Rules of Civil Procedure;

B. For an order awarding Plaintiffs and the members of the Class appropriate statutory damages for each and every violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

C. For an order enjoining Defendants from continuing to engage in violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

D. For treble damages up to $1,500.00 for each and every violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

E. For an order awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest;

F. For an order awarding attorneys' fees and costs of suit, including experts' witness fees as permitted by law; and

/ / /

/ / /

1    G.    Such other and further relief as this Court deems just and proper.

3    Dated: July 16, 2012                    Respectfully submitted,

4                                            FINKELSTEIN & KRINSK LLP

6
7                                            By /s/ William R. Restis
                                                  William R. Restis

8                                            Jeffrey R. Krinsk
                                             Mark L. Knutson
9                                            501 West Broadway, Suite 1250
                                             San Diego, CA 92101-3593
10                                           Telephone: (619) 238-1333
                                             Facsimile:  (619) 238-5425
11                                           Email: wrr@classactionlaw.com

12                                           Counsel for Plaintiffs
                                             Conrad Braun and Gary Sankary

FIRST AMENDED CLASS ACTION COMPLAINT                                       - 13 -
                                                       FINKELSTEIN & KRINSK LLP
                                                       501 West Broadway, Suite 1250
                                                       San Diego, California 92101